FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

MAR 20 2017 ★

BROOKLYN OFFICE

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

METROPCS, a brand of T-MOBILE USA, Inc., a )
Delaware Corporation )
 )
           )   15-cv-6967 (ENV) (RER)
      Plaintiff, )
 )
v. )
 )
SNS COMMUNICATIONS, INC., individually and )
d/b/a PINK DEALS FOREVER; RADIANT )
MOBILITY, INC., individually and d/b/a PINK )
DEALS FOREVER; SUHAIL CHOHAN, a/k/a )
SAM CHOHAN, a/k/a SUHAIL COHAN, )
individually and d/b/a PINK DEALS FOREVER; )
MUBASHSHIR A. CHOHAN, a/k/a MUBI )
CHOHAN, individually and d/b/a PINK DEALS )
FOREVER; SAFIR SAYIAD, individually and d/b/a )
PINK DEALS FOREVER; SANAA CHOHAN, )
individually and d/b/a PINK DEALS FOREVER; )
HASEENA AGWAN, individually and d/b/a PINK )
DEALS FOREVER; and NASSEM SAYIAD, )
individually and d/b/a PINK DEALS FOREVER, )
 )
      Defendants. )

**REVISED FINAL JUDGMENT AND**
**PERMANENT INJUNCTION AGAINST DEFENDANTS**

Plaintiff T-Mobile USA, Inc., a Delaware corporation ("T-Mobile"), for itself and its

MetroPCS brand (collectively referred to hereafter as "MetroPCS" or "Plaintiff") brought the

above-captioned lawsuit against SNS COMMUNICATIONS, INC., individually and d/b/a PINK

DEALS FOREVER; RADIANT MOBILITY, INC., individually and d/b/a PINK DEALS

FOREVER; SUHAIL CHOHAN, a/k/a SAM CHOHAN, a/k/a SUHAIL COHAN, individually

and d/b/a PINK DEALS FOREVER; MUBASHSHIR A. CHOHAN, a/k/a MUBI CHOHAN,

individually and d/b/a PINK DEALS FOREVER; SAFIR SAYIAD, individually and d/b/a PINK

1



DEALS FOREVER; SANAA CHOHAN, individually and d/b/a PINK DEALS FOREVER; HASEENA AGWAN, individually and d/b/a PINK DEALS FOREVER; and NASSEM SAYIAD, individually and d/b/a PINK DEALS FOREVER ("Defendants"), alleging that Defendants are engaged in an unlawful enterprise involving the unauthorized and deceptive acquisition and bulk resale overseas of specially-manufactured handsets designed for use on Plaintiff's wireless service offered under various brands, including MetroPCS, ("Handsets"), the theft of MetroPCS's subsidy investment in the Handsets, the unlawful access of Plaintiff's protected computer systems and wireless network, the trafficking of protected and confidential computer passwords, and the willful infringement of Plaintiff's trademarks (collectively, the "Handset Theft and Trafficking Scheme" or the "Scheme").

MetroPCS contends that Defendants and their co-conspirators perpetrated the Handset Theft and Trafficking Scheme by acquiring large quantities of Handsets from MetroPCS and/or MetroPCS authorized retailers and dealers and by soliciting others to purchase MetroPCS Handsets in large quantities for the benefit of Defendants. MetroPCS asserts that Defendants and their co-conspirators acquired the MetroPCS Handsets with the knowledge and intent that the Handsets will not be used on the MetroPCS wireless network (as required by the MetroPCS terms and conditions), but instead, the Handsets are trafficked and the vast majority are ultimately resold as new overseas where the Handsets are not subsidized by wireless carriers (as they are in the United States). In some cases, MetroPCS asserts Defendants and their co-conspirators acquired the MetroPCS Handsets with the knowledge and intent that the Handsets will be computer-hacked or "unlocked," to disable software installed in the Handsets by the manufacturers at the request and expense of MetroPCS, which enables the activation of the MetroPCS Handsets exclusively on MetroPCS's wireless system. The purpose of the software is to allow MetroPCS to offer the

2

Handsets at a discount to the consumer while protecting MetroPCS's subsidy investment in the Handset. MetroPCS asserts that the illegally unlocked Handsets are trafficked and resold as new by Defendants, at a premium, under the MetroPCS trademarks.

MetroPCS Handsets are sold subject to terms and conditions ("Terms and Conditions") which conspicuously restrict and limit the sale and use of the Handsets. The packaging of every MetroPCS Handset provides that by purchasing or opening the package, activating, using, or paying for MetroPCS service, the purchaser agrees to the MetroPCS Terms and Conditions posted on www.metropcs.com. Purchasers have the option to return the MetroPCS Handset in accordance with the return policy if they do not agree to the Terms and Conditions. The methods used by MetroPCS for obtaining its customers' agreement to the Terms and Conditions are legally valid and appropriate, and the Terms and Conditions constitute a valid and binding contract between MetroPCS and each of its customers.

As a result of Defendants' involvement in the Handset Theft and Trafficking Scheme, MetroPCS has asserted claims against Defendants for unfair competition, tortious interference with prospective business relations and economic advantage, torious interference with contractual relations, conspiracy to commit fraud and fraudulent misrepresentation, unjust enrichment, conspiracy to induce breach of contract, common law fraud and fraudulent misrepresentation, federal trademark infringement under 15 U.S.C. § 1114, federal common law trademark infringement and false advertising under 15 U.S.C. § 1125(a)(1)(A) and (B), contributory trademark infringement, conversion, false advertising in violation of N.Y. Gen. Bus. Law § 350, et seq., deceptive acts and practices in violation of N.Y. Gen. Bus. Law § 349, and unlawful activity on premises in violation of N.Y. Real Property Law § 231(2).

Based solely on the consent of the parties and the stipulation of the parties as to the facts, and without any objection from or contest by any party as to the facts, controlling principles of law or legal conclusions, it is hereby:

**ORDERED**, **ADJUDGED** and **DECREED**, on consent, that:

1. This Court has jurisdiction over all the parties and all of the claims set forth in MetroPCS's Complaint.

2. MetroPCS has the right to use and enforce rights in the standard character and stylized MetroPCS® mark (collectively, the "MetroPCS Marks"), as depicted below:



MetroPCS uses the MetroPCS Marks on and in connection with its telecommunications products and services. The MetroPCS Marks are valid, distinctive, protectable, famous, have acquired secondary meaning, and are associated exclusively with MetroPCS.

3. The Terms and Conditions and the language in and on the packaging constitute a valid and binding contract enforceable between MetroPCS and each of its customers. The Court finds the Terms and Conditions set forth certain rights and restrictions on the use of MetroPCS Handsets. Among other things, the Terms and Conditions: (a) require that the customer pay applicable service charges and other related fees; (b) indicate that the Handset is designed to be activated on the MetroPCS network; (c) prohibit resale of MetroPCS Handsets and related products and services for profit; and (d) prohibit using the Handsets for a purpose that could damage or adversely affect MetroPCS, for which MetroPCS is entitled to relief.

4. The conduct set forth in the Amended Complaint ("Complaint") constitutes violations of the Lanham Act, 15 U.S.C. §§ 1114 and 1125(a)(1)(A) and (B) (federal trademark infringement and false advertising). The Court further finds that the conduct also constitutes

4

unfair competition, tortious interference with prospective business relations and economic advantage, tortious interference with contractual relations, conspiracy to commit fraud and fraudulent misrepresentation, unjust enrichment, conspiracy to induce breach of contract, common law fraud and fraudulent misrepresentation, contributory trademark infringement, conversion, false advertising in violation of N.Y. Gen. Bus. Law § 350, et seq., deceptive acts and practices in violation of N.Y. Gen. Bus. Law § 349, and unlawful activity on premises in violation of N.Y. Real Property Law § 231(2).

5.      MetroPCS has suffered damages, including loss of goodwill and damage to its reputation, as a result of Defendants' conduct. On review and consideration of all relevant factors, MetroPCS is entitled to damages and injunctive relief on the claims as set forth in the Complaint.

6.      Final judgment is hereby entered against Defendants SNS COMMUNICATIONS, INC., individually and d/b/a PINK DEALS FOREVER; RADIANT MOBILITY, INC., individually and d/b/a PINK DEALS FOREVER; SUHAIL CHOHAN, a/k/a SAM CHOHAN, a/k/a SUHAIL COHAN, individually and d/b/a PINK DEALS FOREVER; MUBASHSHIR A. CHOHAN, a/k/a MUBI CHOHAN, individually and d/b/a PINK DEALS FOREVER; SAFIR SAYIAD, individually and d/b/a PINK DEALS FOREVER; SANAA CHOHAN, individually and d/b/a PINK DEALS FOREVER; HASEENA AGWAN, individually and d/b/a PINK DEALS FOREVER; and NASSEM SAYIAD, individually and d/b/a PINK DEALS FOREVER, and in favor of the Plaintiff, on all of the claims set forth in Plaintiff's Complaint in the principal amount of Two Million Seventy-Seven Thousand Seven Hundred and Forty Dollars and Zero Cents ($2,077,740.00), which shall bear interest at the legal rate, for which let execution issue forthwith.

7.    For all T-Mobile brands now and in the future, Defendants and all of their past and present agents, officers, directors, successors, assigns, parents, subsidiaries, affiliates, related companies, predecessors-in-interest, companies, agents, employees, heirs, personal representatives, beneficiaries, relatives, and all other persons or entities acting or purporting to act for them or on their behalf, including, but not limited to, any corporation, partnership, proprietorship or entity of any type that is in any way affiliated or associated with Defendants or Defendants' representatives, agents, assigns, parent entities, employees, independent contractors, associates, servants, affiliated entities, and any and all persons and entities in active concert and participation with Defendants who receive notice of this Order, shall be and hereby are PERMANENTLY ENJOINED from:

a.    acquiring, purchasing, selling, unlocking, reflashing, altering, advertising, soliciting and/or shipping, directly or indirectly, any new Handsets;

b.    supplying Handsets to or facilitating or in any way assisting other persons or entities who Defendants know or should know are engaged in the purchase or sale of Handsets or hacking, altering, erasing, tampering with, deleting or otherwise disabling the software installed in the Handsets;

c.    acquiring, advertising or reselling MetroPCS or T-Mobile services;

d.    engaging in any of the conduct described in the Complaint as the "Handset Theft and Trafficking Scheme;"

e.    accessing MetroPCS's or T-Mobile's computer networks either directly or through a MetroPCS or T-Mobile representative or customer or a third-party;

f.    supplying Handsets to or facilitating or in any way assisting other persons or entities who Defendants know or should know are engaged in any of the acts

6

prohibited under this Permanent Injunction, including, without limitation, the buying and/or selling of Handsets;

g.    knowingly using the MetroPCS Marks or any other trademark, service mark, trade name and/or trade dress owned or used by MetroPCS now or in the future, or that is likely to cause confusion with MetroPCS's Marks, without MetroPCS's prior written authorization;

h.    holding themselves out as being associated with, employed by or on behalf of, or acting as an agent, representative or authorized partner of MetroPCS; and

i.    advertising any products or services that have any purported connection to MetroPCS or any of MetroPCS's affiliates.

8.    The acquisition, sale or shipment of any new Handsets within and/or outside of the continental United States without Plaintiff's prior written consent is and shall be deemed a presumptive violation of this permanent injunction.

9.    The address of Defendant SNS Communications, Inc., individually and d/b/a PINK DEALS FOREVER, is 21-21 41st Avenue, Suite 5C, Long Island City, NY 11101.

10.    The address of Defendant Radiant Mobility, Inc., individually and d/b/a PINK DEALS FOREVER, is 21-21 41st Avenue, Suite 5C, Long Island City, NY 11101.

11.    The address of Defendant Suhail Chohan, a/k/a Sam Chohan, a/k/a Suhail Cohan, individually and d/b/a PINK DEALS FOREVER, is 105 Springhouse Drive, Whitehouse Station, NJ 08889.

12.    The address of Defendant Mubashshir A. Chohan, a/k/a Mubi Chohan, individually and d/b/a PINK DEALS FOREVER, is 3731 73rd Street, Apt. 3S, Jackson Heights, NY 11372.

7

13. The address of Defendant Safir Sayiad, individually and d/b/a PINK DEALS FOREVER, is 808 West End Avenue, Apartment No. 701, New York, NY 10025.

14. The address of Defendant Haseena Agwan, individually and d/b/a PINK DEALS FOREVER, is 105 Springhouse Drive, Whitehouse Station, NJ 08889.

15. The address of Defendant Sanaa Chohan, individually and d/b/a PINK DEALS FOREVER, is 3731 73rd Street, Apt. 3S, Jackson Heights, NY 11372.

16. The address of Defendant Nassem Sayiad, individually and d/b/a PINK DEALS FOREVER, is 808 West End Avenue, Apartment No. 701, New York, NY 10025.

17. Defendants waive any and all rights to challenge the validity of this Final Judgment in this Court or in any other court, and specifically waives their right of appeal from the entry of this Final Judgment.

18. The Court retains jurisdiction over this matter and the parties to this action to enter an award of damages against Defendants and to enforce any violation of the terms of this Permanent Injunction by a finding of contempt and an order for payment of compensatory damages to Plaintiff in an amount of $5,000.00 for each new Handset that Defendants are found to have acquired, purchased, sold and/or unlocked in violation of this Injunction. The Court finds that these amounts are compensatory and will serve to compensate Plaintiff for its losses in the event Defendants violate the terms of this Order.

19. The Court hereby finds that the acts of Defendants render them indebted to MetroPCS for money and property, including without limitation, illegally acquired new Handsets and proceeds from Defendants' resale of those Handsets, which Defendants obtained by false pretenses, by false representation, and/or by actual fraud, and therefore this judgment is non-dischargeable pursuant to 11 U.S.C. § 523(a)(2)(A).

20.     The Court hereby finds that the acts of Defendants constitute willful and malicious injury by Defendants to MetroPCS and/or the property of MetroPCS, including MetroPCS Handsets, MetroPCS's federally-registered trademarks, and MetroPCS's image and reputation, as a result of Defendants' admitted and continuing participation in the Scheme, and therefore this judgment is non-dischargeable pursuant to 11 U.S.C. § 523(a)(6).

21.     The Court hereby finds, pursuant to Fed. R. Civ. P. 54(b), that there is no just reason for delay and orders that Judgment shall be entered against Defendants as set forth herein.

SO ORDERED.


Dated: Brooklyn, New York
       March 16, 2017

                              /s/ USDJ ERIC N. VITALIANO
                              _____
                              **ERIC N. VITALIANO**
                              **UNITED STATES DISTRICT JUDGE**

9